**REVISED June 23, 2017**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-60836

United States Court of Appeals
Fifth Circuit

**FILED**

June 21, 2017

Lyle W. Cayce
Clerk

DONALD PATTON,

> Plaintiff - Appellant

v.

J & K LOGGING, L.L.C.,

> Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Plaintiff Donald Patton appeals the district court's grant of summary judgment in favor of Defendant J & K Logging, L.L.C. ("J & K"). Patton argues that the evidence shows J & K removed more logs from his property and a higher quality of logs than he was paid for, demonstrating a genuine dispute of material fact. J & K points to log load registers that show it removed a

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60836

certain amount of timber from Patton's property and paid him for it pursuant to the contract.  We agree that Patton produced no summary judgment evidence to refute this documentary evidence.  We therefore AFFIRM.

Patton entered into a sale and timber removal contract with J & K after a third party and J & K's owner estimated that the timber on his property was worth about $200,000.  The written contract between Patton and J & K provided that Patton would be paid $14.00/ton for pine pulpwood, $33.00/ton for pine logs, $46.00/ton for pine poles, $22.00/ton for small logs, and $17.00/ton for pine chip-n-saw.  Pursuant to the contract, J & K removed the timber on Patton's property and paid him approximately $100,000.

Upon receiving less than half of the estimated value of the timber, Patton brought claims under Mississippi state law for timber trespass, breach of contract, conversion, conspiracy to defraud, negligence, gross negligence, bad faith, and breach of fiduciary duty.  The district court dismissed Patton's timber trespass claim and J & K moved for summary judgment on all remaining claims.  The district court's careful opinion examined each claim and held that J & K carried its burden to demonstrate the absence of genuine issues of material fact.

We review *de novo* a grant of summary judgment, applying the same standard as the district court.[1]  The moving party has the burden of proving there is no genuine dispute of material fact and that it is entitled to judgment as a matter of law.[2]

Patton argues that the record demonstrates that the type of timber removed from his property was omitted from various forms.  So as to this timber, Patton argues J & K likely paid him for less valuable timber, like pine

---

[1] *In re Dallas Roadster, Ltd.*, 846 F.3d 112, 123 (5th Cir. 2017) (citations omitted).
[2] FED. R. CIV. P. 56(a).

2

No. 16-60836

pulpwood, when J & K actually hauled off more valuable pine logs or poles. Patton also asserts that J & K did not pay him for all the timber removed from his property. Patton's only support for these arguments in the record is that there are discrepancies between certain log load registers, gate tickets, and purchase orders that show where timber was taken from his property, and for which no payment was remitted. Patton points to three specific load numbers where the load register form appears blank. All of these facts, Patton argues, creates genuine issues of material fact, which renders summary judgment inappropriate.

J & K asserts that the log load registers and gate tickets Patton points to match the purchase orders showing that Patton was paid the correct amount. J & K also explains in brief that workers used "ditto" marks on the forms in question because the same product was taken from the same location to the same mill. These ditto marks on the forms are in some instances faint and some lines may appear blank, but the marks are nonetheless present. Looking at the documents together, the load numbers can be cross-referenced with gate tickets and specific purchase orders showing Patton was paid for what was harvested from his property.

We agree with the district court that J & K has carried its burden to show an absence of genuine issues of material fact. Our examination of the record confirms that the log load registers, gate tickets, and purchase orders show that Patton was paid pursuant to the contract for the timber harvested from his property. Based on the reasoning above and the reasons set forth in the careful opinion of the district court, we AFFIRM the district court's judgment.

3